IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KERRI MCDANIEL**<br>12804 Babcock Lane<br>Bowie, MD 20715<br><br>  **Plaintiff**<br>v.<br><br>**UNITED STATES OF AMERICA**<br>  **SERVE: Matthew M. Graves**<br>  **U.S. Attorney for the District of Columbia**<br>  555 4th Street NW<br>  Washington, D.C. 20530<br><br>  and<br><br>  **SERVE: Merrick B. Garland**<br>  **Attorney General of the United States**<br>  950 Pennsylvania Avenue NW<br>  Washington, D.C. 20530<br><br>  **Defendant.** | *<br>*<br>*<br>*<br>*   **Civil Action No.**<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

*******************************************************************

## COMPLAINT

COMES NOW, the Plaintiff, Kerri McDaniel (hereinafter "Plaintiff"), by and through counsel, Adam Z. Chandlee, and The Valente Law Group, who files this Complaint against the United States of America (collectively hereinafter "Defendant") setting forth the following:

1.    That Plaintiff, Kerri McDaniel, is a citizen of the United States who is domiciled in the State of Maryland.

2.    That Plaintiff has sued Defendant pursuant to 28 U.S.C.S. § 2679, which provides that where an "employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such a claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto . . . ."

3. That at all times relevant herein, Michelle Holmes was an employee of the U.S. Office of Personnel Management, an agency of Defendant, and was acting within the scope of her employment with Defendant and, therefore, Defendant is the proper defendant.

4. That Plaintiff filed her Standard Form 95 on or about April 16, 2020.

5. That the United States Office of Personnel Management acknowledged receipt of Plaintiff's Standard Form 95, but failed to extend an offer to fairly compensate Plaintiff.

6. That Plaintiff has satisfied all conditions precedent to the filing of this Complaint. These should be understood to include, but are not limited to, notice under any state and/or federal statute, exhaustion of administrative processes and satisfaction of any requirement of any type prior to the filing of this Complaint.

## JURISDICTION AND VENUE

7. That this Court has original jurisdiction of this claim in that the subject incident occurred within the boundaries of the District of Columbia.

8. That venue is proper in this jurisdiction under 28 U.S.C.S. § 1391(b)(2) in that a substantial part of this claim arose within the District of Columbia.

9. That venue is also proper in this jurisdiction, pursuant to 28 U.S.C.S. § 1346(b)(1), as this is a civil action against the United States, for money damages for personal injury caused by the negligent or wrongful act or omission of employees of the Government while acting within the scope of their employment, and these are circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the law of the District of Columbia.

## STATEMENT OF THE FACTS

10. That on or about April 27, 2018, at approximately 2:15 p.m., Plaintiff was parked in a motor vehicle on the side of the 500 block of 6th Street NW in Washington, D.C.

11. That on the same date and time described herein, Michelle Holmes, an employee of Defendant, was operating a U.S. government vehicle immediately in front of Plaintiff's motor vehicle, when Ms. Holmes suddenly backed up and drove the vehicle onto the top of the front hood of Plaintiff's vehicle, whereupon she then drove the vehicle forward off of Plaintiff's vehicle and onto the curb, thereby causing a collision between the two vehicles.

## COUNT I
(Negligence)

12. That the Plaintiff hereby repeats and realleges as if set forth fully herein the allegations contained in paragraphs 1 through 11 of this Complaint.

13. That at all times referred to herein, Defendant, by and through its agent, servant, and/or employee, Michelle Holmes, had a duty to maintain a proper lookout, to exercise due care in the operation of the motor vehicle, to operate the vehicle in a safe and prudent manner, to drive at a speed in accordance with all prevailing road and/or traffic conditions, to maintain control over the motor vehicle at all times so as to avoid striking Plaintiff's vehicle, to drive in accordance with all prevailing traffic rules and regulations, to pay full time and attention to the operation of the motor vehicle, and to otherwise act in a non-negligent manner.

14. That the Defendant, by and through its agent, servant, and/or employee, Michelle Holmes, breached its aforementioned duties owed to Plaintiff by failing to maintain a proper lookout, failing to exercise due care in the operation of the motor vehicle, failing to operate the vehicle in a safe and prudent manner, failing to drive at a speed in accordance with all prevailing road and/or traffic conditions, failing to maintain control over the motor at all times so as to avoid striking Plaintiff's vehicle, failing to drive in accordance with all prevailing traffic rules and regulations, failing to pay full time and attention to the operation of the motor vehicle, and in otherwise failing to act in a non-negligent manner.

15.     That as a direct and proximate result of the negligent actions of Defendant, by and through its agent, servant, and/or employee, Michelle Holmes, Plaintiff received server, painful and permanent injuries to her body, as well as severe and protracted shock to her nervous system, all of which have caused and will continue to cause her in the future great pain, suffering, mental anguish and other non-economic damages.

16.     That as a direct and proximate result of the negligent actions of Defendant, by and through its agent, servant, and/or employee, Michelle Holmes, Plaintiff has been forced to expend and will continue to expend in the future, large sums of money for hospitalization, x-rays, doctors, nurses, medical treatment, and medications for the treatment of the aforementioned injuries sustained by Plaintiff in this car crash.

17.     That as a direct and proximate result of the negligence of Defendant, by and through its agent, servant, and/or employee, Michelle Holmes, Plaintiff was forced to lose time from her employment and suffered a loss of wages.

18.     That at no time relevant hereto was Plaintiff contributorily negligent nor did she assume the risk.

**WHEREFORE**, Plaintiff, Kerri McDaniel, prays for judgment against Defendant, United States of America, in an amount of Five Hundred Thousand Dollars ($500,000.00), plus interest and cost of this suit.

Respectfully submitted:
THE VALENTE LAW GROUP

Adam Z. Chandlee # MD0125
2200 Defense Highway, Suite 304
Crofton, Maryland 21114
(410) 451-1777
achandlee@jpvlawgroup.com
*Counsel for Plaintiff*